LAW OFFICES OF
# ROBERT L. GELTZER
1556 THIRD AVENUE
NEW YORK, NEW YORK 10128
(212) 410-0100

FACSIMILE (212) 410-0400

May 18, 2016

Honorable Mary Kay Vyskocil
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    ContinuityX, Inc., et al. (Jointly Administered)
            Case No. 13-10458 (MKV)
            Robert L. Geltzer v. Robert Fleck (the "Defendant")
            Adv. Pro. No. 15-01015 (MKV)

Dear Judge Vyskocil:

    This firm is counsel to Robert L. Geltzer, Chapter 7 trustee (the "Trustee"), of ContinuityX, Inc. et al., the debtors (the "Debtors"), and is the Plaintiff in the above referenced adversary proceeding. Pursuant to Local Rule 7056-1, we respectfully request a pre-motion conference on June 2, 2016 at 11:00 a.m. to consider the Trustee's intention to move for summary judgment.

    As the Court might recall, the Trustee commenced the above adversary proceeding to recover eight (8) preferential payments totaling $42,481.31 (the "Transfers"). Discovery has been completed in the matter, and included the exchange of numerous documents.

    The Trustee respectfully submits that he is entitled to summary judgment on his claim for avoidance and recovery of the Transfers to the Defendant pursuant to §§ 547(b), 550(a) and 551 of the Bankruptcy Code.

    Based upon the documents produced by the Defendant and the Debtors' books and records, there is no genuine material dispute as to the following facts: (i) the Transfers were made for the benefit of the Defendant; (ii) the Defendant was an unsecured creditor of the Debtors at the time of the Transfers; (iii) the Transfers were made on account of an antecedent debt(s); and (iv) the Debtors made the Transfers to the Defendant within 90 days of the petition date. Additionally, as the Court is well

aware, there is a presumption that a debtor is insolvent in the 90 days prior to the petition date.

Given the foregoing, the Court can conclude that, as a matter of law, the Defendant is an unsecured creditor who received a pre-petition payment well in excess of what he would have received in a hypothetical Chapter 7 liquidation and, as such, the Transfers are recoverable by the Trustee. To the extent that the Transfers to the Defendant are avoided, the Transfers to the Defendant also are recoverable pursuant to § 550(a) of the Bankruptcy Code.

Accordingly, the Trustee respectfully requests a pre-motion conference to consider the foregoing arguments and seek the Court's permission to proceed with his motion to resolve this matter fully.

Thank you for your consideration of this request.

Sincerely and respectfully,

Mark E. Bruh

cc: Robert Fleck (via email)
Clerk of the Court