The Law Offices of Robert L. Geltzer
1556 Third Avenue
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh
*Counsel to Robert L. Geltzer,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------

In re:                                                          **Chapter 7**

      **CONTINUITYX, INC.,** *et al.,*                **Case No. 13-10458 (MKV)**

                Debtors[1].                **Jointly Administered**
----------------------------------------------------------------
**ROBERT L. GELTZER**, as Chapter 7 Trustee
for **CONTINUITYX, INC.,** *et al.,*

             Plaintiff,

     v.                                                       **Adv. Pro. No. 15-01015 (MKV)**

**ROBERT FLECK,**

            Defendant.
----------------------------------------------------------------


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR AN ORDER PURSUANT TO RULE 56 OF THE FEDERAL RULES
OF CIVIL PROCEDURE AND RULE 7056 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE GRANTING
<u>SUMMARY JUDGMENT TO THE PLAINTIFF</u>**

---

[1]    The Debtors in these cases and the case number assigned to each of the Debtors are as follows: ContinuityX, Inc. (13-10458); ContinuityX Solutions, Inc. (13-10455); and Metamora Cloud Services, Inc. (13-10459).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

BASIS FOR RELIEF AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    A.    Summary Judgment Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    B.    The Transfers Were Property Of The Debtors . . . . . . . . . . . . . . . . . . .   6

    C.    Plaintiff's *Prima Facie* Case Is Satisfied . . . . . . . . . . . . . . . . . . . . . . .   8

        (1)    The Transfers Were To Or For the Benefit Of A
            Creditor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

        (2)    The Transfers Were Made On Account Of An Antecedent
            Debt Owed By The Debtors Before Such Transfer Was
            Made . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

        (3)    Made While the Debtors Were Insolvent . . . . . . . . . . . . . . . . . .   10

        (4)    The Transfers Were Made During The Preference Period . . . .   12

        (5)    The Transfers Enabled the Defendant To Receive
            More Than He Would Have Received Through A
            Hypothetical Chapter 7 Liquidation . . . . . . . . . . . . . . . . . . . . . .   12

    D.    Plaintiff Need Not Introduce Evidence That The Exceptions To
        Avoidance Set Forth In 11 U.S.C. § 547(c) Are Inapplicable To
        These Transfers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

    E.    Defendant's Purported Affirmative Defenses Under
        11 U.S.C. § 547(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

        (1)    Defendant's Purported Affirmative Defense Under
            11 U.S.C. § 547(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

        (2)    Defendant's Purported Affirmative Defense Under
            11 U.S.C. § 547(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

    F.    Plaintiff is Entitled To An Award Of Pre-Judgment Interest From
        The Date Of The Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Anderson v. Liberty Lobby, Inc.</u>,
 477 U.S. 242, 106 S.Ct. 2505 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

<u>Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA</u>
 <u>Diversified Prods., Inc.)</u>
 100 F.3d 53 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Brass v. American Film Technologies, Inc.</u>,
 987 F.2d 142 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Cassirer v. Herskowitz (In re Schick)</u>,
 234 B.R. 337 (Bankr. S.D.N.Y. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Celotex Corp. v. Catrett</u>,
 477 U.S. 317, 106 S. Ct. 2548 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

<u>Coral Petroleum, Inc. v. Banque Paribas-London</u>,
 797 F.2d 1351 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Denker v. Uhry</u>,
 820 F.Supp. 722 (S.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Fitch v. R.J. Reynolds Tobacco Co.</u>,
 675 F.Supp. 133 (S.D.N.Y. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Fonda Group v. Marcus Travel (In re Fonda Group)</u>,
 108 B.R. 956 (Bankr. D.N.J. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>General Motors Corp. v. Devez Corp.</u>,
 461 U.S. 648 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

<u>Genova v. Rivera Funeral Home (In re Castillo)</u>,
 39 B.R. 45 (Bankr. D. Colo, 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Hasset v. Altai, Inc. (In re CIS Corp.)</u>,
 214 B.R. 108 (S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>In re Brazier Forest Products, Inc.</u>,
 921 F.2d 221 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

<u>In re Brothers Gourmet Coffees, Inc.</u>,
 271 B.R. 456 (Bankr. D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

In re Crystal Apparel, Inc.,
　　220 B.R. 816 (Bankr. S.D.N.Y. 1998 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

In re Cyberrebate.com, Inc.,
　　296 B.R. 639 (Bankr. E.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

In re Dependable Food Prod.,
　　193 B.R. 662 (Bankr. E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

In re Idicula,
　　484 B.R. 284 (Bankr. S.D.N.Y. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

In re L&T Steel Fabricators, Inc.,
　　102 B.R. 511 (Bankr. N.D.La. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

In re Meredith Manor, Inc.,
　　902 F.2d 257 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

In re Pameco Corporation,
　　356 B.R. 327 (Bankr. S.D.N.Y. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

In re Ralar Distribs., Inc.,
　　4 F.3d 62 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

In re Roblin Indus., Inc.,
　　78 F.3d 30 (2d Cir 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 14

In re Southmark Corp. v. Grosz (In re Southmark Corp.),
　　49 F.3d 1111 (5th Cir. 1995)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

In re Wadsworth,
　　711 F.2d 122 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16

Jacobs v. Altorelli (In re Dewey & Leboeuf LLP),
　　518 B.R. 766 (Bankr. S.D.N.Y. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

Knight v. United States Fire Inc. Co.,
　　804 F.2d 9 (2d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5

McHale v. Boulder Capital LLC (In re 1031 Tax Group, LLC),
　　439 B.R. 47 (Bankr. S.D.N.Y. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

Pereira v. Centel Corporation (In re Argo Communications Corp.),
　　134 B.R. 776 (Bankr. S.D.N.Y 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    6

Pereira v. Lehigh Sav. Bank, SLA (In re Artha Mgmt.),
　　174 B.R. 671 (Bankr S.D.N.Y. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10

<u>Savage & Assoc. v. Mandl (In re Teligent, Inc.)</u>,
    380 B.R. 324 (Bankr. S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

<u>West Virginia v. United States</u>,
    479 U.S. 305,(1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**Statutes**

11 U.S.C. § 101(5)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. § 101(10)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. § 502(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 547 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 7, 17

11 U.S.C. § 547(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8, 9

11 U.S.C. § 547(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9

11 U.S.C. § 547(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

11 U.S.C. § 547(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 547(b)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11 U.S.C. § 547(b)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

11 U.S.C. § 547(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

11 U.S.C. § 547(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 13, 14

11 U.S.C. § 547(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 14, 15

11 U.S.C. § 547(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

11 U.S.C. § 547(c)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 16

11 U.S.C. § 547(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

11 U.S.C. § 547(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 8, 14

11 U.S.C. § 550(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8, 17

**Rules**

Federal Rules of Bankruptcy Procedure 7056 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

Federal Rules of Civil Procedure 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

Local Bankruptcy Rule 7056-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

## PRELIMINARY STATEMENT

Robert L. Geltzer, Esq., the Chapter 7 trustee (the "Trustee" or "Plaintiff") of the estate of ContinuityX, Inc., *et al.*, the debtors (the "Debtors")[2], by his attorneys, the Law Offices of Robert L. Geltzer, hereby seeks the entry of an Order under Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") granting the Plaintiff summary judgment against the defendant, Robert Fleck (the "Defendant" or "Fleck"), together with such other and further relief as this Court deems just and proper, and respectfully set forth and represents the following:

The above-captioned adversary proceeding (the "Adversary Proceeding") was commenced on January 29, 2015 by the filing of a Summons, and serving it and the complaint (the "Complaint"), dated January 28, 2015, see Rule 7056-1 Statement (defined below) at ¶4; Affidavit of Robert L. Geltzer in support of Plaintiff's Motion for Summary Judgment ("Geltzer Aff.") at ¶14; Exhibit "A" (Trustee's Complaint), on the Defendant on or about February 2, 2015.

The Complaint was filed by the Trustee to avoid preferential transfers pursuant to 11 U.S.C. §§ 547 and 550(a), and to disallow claims pursuant to 11 U.S.C. § 502(d).  According to the Complaint, within the 90-day period (the "Preference Period") preceding the Petition Date (defined below), the Debtors made eight preferential transfers totaling $42,481.31 (the "Transfers") (of which the Trustee seeks to avoid and recover only $28,541.31) to the Defendant as set forth below:

---

[2]   The Defendant performed consulting services for ContinuityX, Inc. and ContinuityX Solutions.  For purposes herein, the term "Debtors" refers to ContinuityX, Inc. and ContinuityX Solutions, Inc., or all three debtors.

| Approximate Date of Transfer | Check Number(s) | Approximate Amount of Transfer |
|---|---|---|
| 11/19/2012 | 1689 | $6,822.18 |
| 11/19/2012 | 1688 | $6,723.69 |
| 12/21/2012 | 1760 | $319.68 |
| 12/21/2012 | 1761 | $423.21 |
| 12/21/2012 | 1762 | $304.23 |
| 1/22/2013 | 1802 | $6,008.32 |
| 1/22/2013 | 1801 | $4,880.00 |
| 2/12/2013 | Wire Transfer | $17,000.00 |

This Adversary Proceeding should be decided on summary judgment because the Plaintiff has satisfied each of the elements of his *prima facie* case against the Defendant as set forth in 11 U.S.C. § 547(b) as follows and there are no material questions of fact to be decided:

- The Transfers are property of the Debtors because the Transfers were drawn from the Debtors' bank accounts; and

- The Transfers were for the benefit of the Defendant, and the Transfers were made to, and received by, the Defendant, thus satisfying the requirements of 11 U.S.C. § 547(b)(1); and

- The Transfers were made on account of antecedent debt(s) owed by the Debtors, thus satisfying the requirements of 11 U.S.C. § 547(b)(2); and

- Plaintiff is entitled to a presumption of insolvency under 11 U.S.C. § 547(f) because the Defendant has submitted no substantiated, audited and relevant document(s) to overcome the presumption of insolvency; furthermore, the Plaintiff will introduce evidence (set forth in detail below) to rebut any attempt by the Defendant to rebut the presumption of insolvency, thus satisfying the requirements of 11 U.S.C. § 547(b)(3); and

- The Transfers were made on or within 90-days of the Petition Date, as evidenced by the Debtors' cancelled checks and bank statement, thus satisfying the requirements of 11 U.S.C. § 547(b)(4); and

- In that the Defendant was an unsecured creditor of the Debtors, the Transfers enabled Defendant to receive more than he would have received through a hypothetical Chapter 7 liquidation because the Debtors' other unsecured creditors will receive less than a 100% distribution, thus satisfying the requirements of 11 U.S.C. § 547(b)(5).

Given that there is no genuine issue of material fact as to each element of the Plaintiff's *prima facie* case, the Transfers are avoidable unless the Transfers: (1) were made in the ordinary course of business, or (2) are protected from avoidance due to Defendant providing new value to the Debtors either contemporaneous to, or after, the Transfers, as set forth in 11 U.S.C. § 547(c)(1), (c)(2), or (c)(4), and the relevant case law.

Pursuant to 11 U.S.C. § 547(g), the Defendant bears the burden of proof of all of the above possible 11 U.S.C. § 547(c) defenses. As will be shown below, the Defendant cannot meet that burden.

As described *supra*, it will be shown that the Defendant has failed to introduce any admissible evidence to prove that the Debtors were insolvent at the time of the Transfers; he only has made unproved and unprovable conclusory allegations. To the contrary, the evidence will show that the Debtors were insolvent at the time of the Transfers.

Additionally, it will be shown that the Defendant was not an employee of the Debtors and, thus, any purported defense that the Defendant asserted in his Answer to the Complaint stating that he was an employee of the Debtors will be shown to be lacking evidence and untrue.

The Defendant cannot shield himself from the avoidance of the Transfers because the evidence shows that there is no genuine issue of any material fact; thus,

summary judgment should be granted in favor of the Plaintiff as a matter of law and

judgment should be entered in favor of Plaintiff and against the Defendant in the sum of

$28,541.31 (Defendant's net preference exposure), plus pre-judgment interest.

## STATEMENT OF FACTS

The affidavit of Robert L. Geltzer, Chapter 7 Trustee in Support of

Plaintiff's Motion for Summary Judgment sworn to on August 3, 2016 and the Plaintiff's

Local Bankruptcy Rule 7056-1 Statement of Undisputed Facts (the "Rule 7056-1

Statement") provide a full recitation of the undisputed and material facts that support

Plaintiff's request for summary judgment, and are incorporated herein this by reference

thereto.

## BASIS FOR RELIEF AND ARGUMENT

**A.      Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure ("Rule 56"), as

made applicable to this proceeding by Bankruptcy Rule 7056, the Court shall grant

summary judgment when there is no "genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477

U.S. 317, 322, 106 S. Ct. 2548 (1986).

Rule 56 further provides that a party opposing a motion for summary

judgment may not rest upon the mere allegations or denials of that party's pleadings,

but the adverse party's response must set forth specific facts showing there are genuine

issues for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505

(1986).  In addition, "[a]s to any essential factual element of its claim on which the

nonmovant would bear the burden of proof at trial, its failure to come forward with

sufficient evidence to generate a trial worthy issue warrants summary judgment for the moving party." In re Ralar Distribs., Inc., 4 F.3d 62 (1st Cir. 1993). "The burden on the moving party may be discharged by . . . pointing out to the . . . court that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325, 106 S.Ct. at 2553.

Once a motion for summary judgment is made, the non-moving party bears the burden of proof on an issue and must "go beyond the pleadings and by. . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324.

To defeat a motion for summary judgment, the non-moving party must do more than simply show that there is "some metaphysical doubt as to the material facts . . . ." Brass v. American Film Technologies, Inc., 987 F.2d 142, 146 (2d Cir. 1993). Denker v. Uhry, 820 F.Supp. 722, 729 (S.D.N.Y. 1992), aff'd 996 F.2d Cir. 1993) ("The mere existence of disputed factual issues is no longer sufficient to defeat a motion for summary judgment . . . the disputed issues of fact must be 'material to the outcome of the litigation' . . . and must be backed by evidence" (quoting Knight v. United States Fire Inc. Co., 804 F.2d 9, 11 (2d Cir. 1986) cert. denied, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed 762 (1987)). The non-moving party "must present 'concrete particulars' and cannot succeed with purely conclusory allegations. . . ." Fitch v. R.J. Reynolds Tobacco Co., 675 F.Supp. 133, 136 (S.D.N.Y. 1987).

There is no issue for trial unless there exists sufficient evidence in the record favoring the party opposing summary judgment to support a jury verdict in that party's favor. Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support" of the non-moving party's "position will be insufficient." Id. at 252.

Here, the Plaintiff submits that there is no genuine dispute that the Transfers constitute avoidable preferences for which the Trustee is entitled to recovery. Accordingly, inasmuch as there are no worthy trial issues, summary judgment is warranted.

**B.    The Transfers Were Property Of The Debtors**

There is no question of material fact but that the transferred funds were property of the Debtors, which transferred property needs to be recovered for the Debtors' estate.  Section 541(a) of the Bankruptcy Code defines what is property of a debtor's bankruptcy estate.  It provides, in relevant part, that:

> (a) The commencement of a case under section 301, 203,or 303 of this title creates an estate.  Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in the property as of the commencement of the case.

It is the Plaintiff's duty, as Trustee, "to oversee all legal and equitable interests of the Debtor as property of the estate"; and it is the Plaintiff's main duty, as Trustee, "to realize from the estate all that is possible for distribution to creditors."  Pereira v. Centel Corporation (In re Argo Communications Corp.), 134 B.R. 776, 783 (Bankr. S.D.N.Y 1991).

Pursuant to §101(54)(D)(i) and (ii) of the Bankruptcy Code, a transfer means: "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property; or an interest in property."  The Transfers were made by 7 check transfers made payable to the Defendant, and a wire transfer made

payable to the Defendant from the Debtors' bank accounts. <u>See</u> Rule 7056-1 Statement at ¶8; Geltzer Aff. at ¶17; Exhibit "C" (Debtors' cancelled checks and bank statement). According to the Defendant's Answer to the Complaint, the Defendant does not deny receiving the Transfers. <u>See</u> Rule 7056-1 Statement at ¶8; Geltzer Aff. at ¶17; Exhibit "B" (Defendant's Answer to Complaint). Thus, there is no dispute that the Defendant received the Transfers.

"For a preference to be voided under Section 547, it is essential that the debtor have an interest in the property transferred so that the state is thereby diminished." <u>Coral Petroleum, Inc. v. Banque Paribas-London</u>, 797 F.2d 1351, 1355-56 (5th Cir. 1986) <u>reh'g</u> <u>denied</u>, 801 F.2d 398 (5th Cir. 1986) (quoting <u>Genova v. Rivera Funeral Home (In re Castillo)</u>, 39 B.R. 45, 46 (Bankr. D. Colo, 1984)). Funds transferred from an unrestricted bank account belonging to a debtor have been held to constitute an interest of the debtor in property. <u>See</u> <u>McHale v. Boulder Capital LLC (In re 1031 Tax Group, LLC)</u>, 439 B.R. 47, 70 (Bankr. S.D.N.Y. 2010); <u>see</u> <u>also Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA Diversified Prods., Inc.)</u>, 100 F.3d 53, 55 (7th Cir. 1996) ("Property of the debtor . . . includes the interest that a depositor has in the money in his account, more precisely the money owed him by the bank by virtue of the account."); <u>In re Southmark Corp. v. Grosz (In re Southmark Corp.)</u>, 49 F.3d 1111, 1116-1117 (5th Cir. 1995)) (payment to employee from debtor's checking account, which contained "commingled funds" as part of a cash management system, when debtor held "complete legal title, all indicia of ownership, and unfettered discretion to pay creditors of its own choosing, including its own creditors," held to be preferential because debtor's estate was diminished and because debtor controlled fund in account).

Here, it is undisputed that the accounts from which the Transfers originated belonged to the Debtors.  See Rule 7056-1 Statement at ¶8; Geltzer Aff. at ¶17; Exhibit "C" (Debtors' cancelled checks and bank statement). In fact, the Defendant neither has disputed that the funds in question belonged to the Debtors, nor that he received the Transfers.

## C.  Plaintiff's *Prima Facie* Case Is Satisfied

Section 547(b) of the Bankruptcy Code sets out five elements that must be established in order to avoid preferential transfers.  Specifically, § 547(b) provides, in pertinent part, that: a trustee may avoid any transfer of an interest of the debtor in property–

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made on or within 90 days before the date of the filing of the petition; . . . and
> (5) that enables such creditor to receive more than such creditor would received if
>
> > (A) the case were a case under chapter 7 of this title;
> > (B) the transfer had not been made; and
> > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Under Section 547(g), the Trustee bears the burden of proving each of these elements. 11 U.S.C. § 547(g); In re Roblin Indus., Inc., 78 F.3d 30, 34 (2d Cir 1996).  Section 550(a) of the Bankruptcy Code in turn provides, in pertinent part, that once a transfer is proven avoidable under § 547(b) of the Bankruptcy Code, "the trustee may recover, for the benefit of the estate, the property transferred. . . from the initial transferee of such

transfer. . . ." Section 551 of the Bankruptcy Code provides, in pertinent part, that: "any transfer avoided. . . is preserved for the benefit of the estate. . . ."

As set forth below, the Plaintiff has satisfied all of the necessary elements of his prima facie case under 11 U.S.C. § 547(b) and, therefore, is entitled to judgment as a matter of law:

### (1)   The Transfers Were To Or For The Benefit Of A Creditor

The Transfers to the Defendant constitute transfers to or for the benefit of a creditor. "Section 101(10) of the Bankruptcy Code defines a "creditor," in part, as an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." In re Idicula, 484 B.R. 284, 287 (Bankr. S.D.N.Y. 2013) (citing 11 U.S.C. § 101(10)(A)). A "claim" is a "*right to payment*, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured." Id. (citing § 101(5)(A)).

The Defendant received each of the Transfers listed in ¶12 of the Complaint. See Rule 7056-1 Statement at ¶5; Geltzer Aff. at ¶14; Exhibit "A" (Complaint); See Rule 7056-1 Statement at ¶8; Geltzer Aff. at ¶17; Exhibit "C" (Debtors' cancelled check and bank statement). Each Transfer was made for the Defendant's benefit in connection with certain consulting services that he performed for the Debtors (i.e., the benefit of a creditor of the Debtors). See Rule 7056-1 Statement at ¶9; Geltzer Aff. at ¶18; Exhibit "D" (Defendant's invoices). There is uncontroverted evidence that the transfers were made to and received by the Defendant, a creditor of the Debtors, for his benefit  and, thus, the Trustee has met his burden with respect to 11 U.S.C. § 547(b)(1).

### (2) The Transfers Were Made On Account Of An Antecedent Debt Owed By The Debtors Before Such Transfer Was Made

The facts of this case establish that the Transfers were payments on an antecedent debt, as the payments were made pursuant to an obligation of the Debtors to pay the Defendant in connection with various consulting services performed by the Defendant that arose prior to the payments to him. Cases generally hold that a debt is antecedent for the purposes of § 547(b)(2) of the Bankruptcy Code if it was incurred prior to the alleged transfer. See Pereira v. Lehigh Sav. Bank, SLA (In re Artha Mgmt.), 174 B.R. 671, 678 (Bankr S.D.N.Y. 1994); see also Fonda Group v. Marcus Travel (In re Fonda Group), 108 B.R. 956, 959 (Bankr. D.N.J. 1989) ("Although the term 'antecedent debt' is not defined by the Code, a debt is 'antecedent' when the debt becomes legally bound to pay before the transfer is made.") Moreover, "[a] debt is incurred, for purposes of 11 U.S.C. § 547(b)(2), when it arises and not when payment becomes due." Cassier v. Herskowitz (In re Schick), 234 B.R. 337, 347 (Bankr. S.D.N.Y. 1999).

Here, the Debtors' legal obligation to repay the Defendant arose when the Defendant completed those services for the benefit of the Debtors. See Rule 7056-1 Statement at ¶9; Geltzer Aff. at ¶18; Exhibit "D" (Defendant's invoices); See Geltzer Aff. at ¶19; Exhibit "E" (Antecedent Debt Analysis). Thus, the second element of Plaintiff's case is established.

### (3) Made While The Debtors Were Insolvent

Section 547(f) of the Bankruptcy Code states that a "debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." Because the Trustee has the benefit of this presumption "[t]he

party seeking to rebut the presumption must introduce some evidence to show that the debtor was solvent *at the time of the transfer*."  In re Brothers Gourmet Coffees, Inc., 271 B.R. 456, 458 (Bankr. D. Del. 2002).  A party seeking to avoid a transfer may rest upon the presumption if the creditor fails to produce some evidence of solvency.  Id. If the party seeking to rebut the presumption fails, there is no material issue as to the Debtor's insolvency.  Id.

Here, the Defendant attached an undated, unaudited financial statement (the "Putative Financial Statement") to his Answer to the Complaint, which he alleges: (i) was filed with the Securities and Exchange Commission on or about November 21, 2012, and (ii) shows that the Debtors were solvent.  This purported evidence lacks "concrete particulars" and fails to rebut the presumption of the Debtors' insolvency under 11 U.S.C. § 547(f) for the following reasons:

- The Putative Financial Statement pre-dates the Transfers; and

- Based upon the Trustee's accountant's review of the Debtors' books and records, as of July 2012, AT&T stopped paying the Debtors because all of the Debtors' customers' accounts were significantly past due and the Debtors' customers were not paying the amounts due to AT&T, and AT&T had begun to terminate the accounts; thus, the Debtors were not entitled to $4,203,962 as accounts receivable attributable to AT&T, and the Putative Financial Statement should have been reduced by that amount. See Rule 7056-1 Statement at ¶12; Geltzer Aff. at ¶22; Exhibit "F" (AT&T's proof of claim #24); and

- Additionally, in or about September 2012, AT&T demanded that the Debtors return $6,120,445 of commissions previously paid to the Debtors (see pgs. 44-45 of Exhibit "F").  So, $6,120,445 should have appeared as a liability on the Putative Financial Statement.  If these legitimate adjustments were recorded on the Putative Financial Statement, it would have reflected assets of $21,439,709; liabilities of $27,577,110; and a negative net worth of $6,137,401; and

- Furthermore, on December 4, 2012, AT&T sued the Debtors for approximately $9,000,000 and, as a result, on December 12, 2012, the Debtors filed a  Form 8-K with the Securities and Exchange Commission in which the Debtors acknowledged that their prior financial statements might be unreliable.  <u>See</u> Rule 7056-1 Statement at ¶12; Geltzer Aff. at ¶22; Exhibit "G" (Debtors' Form 8-K, dated December 12, 2012); and

- According to the Court's Claim Register, the total dollar amount of claims filed against the Debtors' estates is approximately $30,742,073.05.

Accordingly, each of the above reasons shows that the Debtors' insolvency cannot be questioned and, thus, there is no issue as to the Plaintiff's success on this element.

### (4)     The Transfers Were Made During The Preference Period

Pursuant to § 547(b)(4)(A) of the Bankruptcy Code, all transfers by a debtor within 90 days of the filing of the petition are subject to preference scrutiny.  As set forth above, each of the Transfers was made during the Preference Period, a fact which has not been contested by the Defendant and, thus, § 547(b)(4)(A) of the Bankruptcy Code is satisfied.

### (5)     The Transfers Enabled the Defendant To Receive More Than He Would Have Received Through A Hypothetical Chapter 7 Liquidation

Whether a transfer meets the test of § 547(b)(5) of the Bankruptcy Code requires the formulation of a hypothetical Chapter 7 distribution of the Debtors' estate as it existed on the bankruptcy petition date.  <u>Savage & Assoc. v. Mandl (In re Teligent, Inc.)</u>, 380 B.R. 324, 339 (Bankr. S.D.N.Y. 2008).  The Court must determine whether the Defendant obtained more pursuant to the Transfers than he would have received in a Chapter 7 distribution without the Transfers.  This analysis includes the cost of

administering the estate.  Id.  "As a practical matter, this element is satisfied whenever the plaintiff shows that the creditor would receive less than 100% in a hypothetical chapter 7 distribution."  Id.

In the instant case, the Debtors' general unsecured creditors, one of which is the Defendant, will not receive a 100% distribution.  According to the Court's Claim Register, the total dollar amount of claims filed is approximately $30,742,073.05; as of August 3, 2016, the Trustee has $1,096,100.11 on deposit in the Debtors' estates' bank accounts, which is a small fraction of the total amount of claims filed against the estates.  And, even assuming Trustee's/Plaintiff's optimum recovery on the claims that he has asserted in the remaining adversary proceedings in this case, such optimum recovery still would not come close to approaching the total amount of claims filed against the estates.  See Rule 7056-1 Statement at ¶11; Geltzer Aff. at ¶21.  Thus, the Plaintiff has met the burden of proving that the Transfers enabled the Defendant to receive more than he would have received had the Debtors filed Chapter 7 cases without having made the Transfers

**D.      Plaintiff Need Not Introduce Evidence That The Exceptions To Avoidance Set Forth In 11 U.S.C. § 547(c) Are Inapplicable To These Transfers**

The moving party on summary judgment has no burden to negate or disprove matters for which the opponent has the burden of proof at trial.  Indeed, the moving party need not produce any affirmative evidence at all on those matters.  In re Crystal Apparel, Inc., 220 B.R. 816, 828 (Bankr. S.D.N.Y. 1998) (citing In re Brazier Forest Products, Inc., 921 F.2d 221, 223 (9th Cir. 1990)).  Defendant has the burden of proving the non-avoidability of the Transfers by a preponderance of the evidence, and Plaintiff, as the moving party, may simply point to the absence of such to make his case.

13

See Hasset v. Altai, Inc. (In re CIS Corp.), 214 B.R. 108, 119 (S.D.N.Y. 1997) (citing 11

U.S.C. § 547(g), In re Roblin, 78 F.3d at 39; In re Brazier Forest Prod., 921 F.2d at 223.

Here, either we have in fact shown that no defense by the Defendant is present, or that

even purported defenses do not meet the requisite level to overcome the presumption.

**E.      Defendant's Purported Affirmative Defenses Under 11 U.S.C. § 547(c)**

Under 11 U.S.C. § 547(g), the Defendant bears the burden of proving any

affirmative defense.

**(1)      Defendant's Purported Affirmative Defense Under
11 U.S.C. § 547(c)(1)**

Under 11 U.S.C. § 547(c)(1).  Section 547(c) of the Bankruptcy Code

provides that: the trustee may not avoid under this section a transfer–

(1) to the extent that such transfer was–

(A) intended by the debtor and the creditor to or
for whose benefit was made to be a
contemporaneous exchange for new value
given to the debtor; and
(B) in fact a substantially contemporaneous
exchange.

"Case law has recognized that continued employee services may be

considered "new value" that the employees "contemporaneous[ly]" conveyed in

exchange for the compensation payments they received, providing a defense to a

preference actions. . . ." [Emphasis added.] Jacobs v. Altorelli (In re Dewey & Leboeuf

LLP), 518 B.R. 766, 786 (Bankr. S.D.N.Y. 2014) (citations omitted).  In this Adversary

Proceeding, the Defendant has not produced any evidence to support his bald assertion

that he was an employee of the Debtor.  And, he cannot.

According to the Debtors' books and records and those documents provided to the Trustee from the Defendant, there is uncontroverted evidence which shows that the Defendant was <u>not an employee</u> of the Debtors; he was a consultant - - who invoiced the Debtors for services performed.  For example:

- The Defendant invoiced the Debtors for services performed and those invoices stated that the Defendant performed "consulting services."  <u>See</u> Rule 7056-1 Statement at ¶9; Geltzer Aff. at ¶18; Exhibit "D" (Defendant's invoices); and

- The Debtors' W-2 Payroll Worksheet for Employees for the period February 29, 2012 through December 28, 2012, does not list the Defendant as an employee.  <u>See</u> Rule 7056-1 Statement at ¶13; Geltzer Aff. at ¶22; Exhibit "H" (Debtors' W-2 listing for 2012); and

- The Debtors' Payroll Cash Analysis for employees for the period January 14, 2013 through February 15, 2013, does not list the Defendant as an employee.  <u>See</u> Rule 7056-1 Statement at ¶13; Geltzer Aff. at ¶22; Exhibit "I" (Debtors' Payroll Check Register for the period January 14, 2013 through February 15, 2013); and

- The portion of the Defendant's tax returns that he turned over to the Trustee for the years ending 2012 and 2013 reflect <u>no wages earned by the Defendant</u> (2012 and 2013  tax returns, line item 7 concerning wages is blank); furthermore, according to the Defendant's 2012 Schedule C-EZ "Net Profit from Business", it states that the <u>Defendant's principal business is: "Consulting - Accounting Services,</u>" and shows earnings in connection with consulting services!  <u>See</u> Rule 7056-1 Statement at ¶13; Geltzer Aff. at ¶22;  Exhibit "J" (Defendant's tax returns).  And what is troublesome after reviewing the Defendant's tax returns is that the Defendant failed to disclose on his 2013 tax returns those funds that the Debtors' remitted to him in 2013 for consulting services which amounted to $27,888.32.

Accordingly, it is abundantly clear that the Defendant has not met his burden to show that he was an employee of the Debtors -- because he cannot -- and, thus, he cannot qualify for the contemporaneous exchange for new value exception under 11 U.S.C. § 547(c)(1).

### (2) Defendant's Purported Affirmative Defense Under 11 U.S.C. § 547(c)(4)

The Defendant has not alleged a new value defense in his Answer; but, he might be entitled to a subsequent new value defense under 11 U.S.C. § 547(c)(4), which states that: the trustee may not avoid under this section a transfer–

> (4) to or for the benefit of a creditor, to the extent that, after such transfer, such creditor gave new value to or for the benefit of the debtor–
>
> > (A) not secured by an other wise unavoidable security interest; and
> > (B) on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of such creditor.

Any new value must be given after a transfer from the debtor to the creditor to qualify for the subsequent new value defense.  In re Wadsworth, 711 F.2d 122, 123 (9th Cir. 1983).  Further, new value is properly calculated by using each advance to offset prior preferences, with preferences carried forward until exhaustion.  In re Meredith Manor, Inc., 902 F.2d 257, 259 (4th Cir. 1990); see also In re Dependable Food Prod., 193 B.R. 662 (Bankr. E.D.N.Y. 1996).

Albeit the Defendant failed to account specifically for a new value defense, based upon the Plaintiff's examination of the subsequent new value defense alone, and carrying forward all offsets, Defendant is, at most, able to assert a new value offset of $13,940.00.  See Geltzer Aff. at ¶22; Exhibit "K" (Plaintiff's New Value Analysis).  Accordingly, the net preference remaining when examining solely the new value defense is $28,541.31.

**F.    Plaintiff is Entitled To An Award Of Pre-Judgment Interest From The Date Of The Complaint**

"It is within the court's discretion to grant . . . prejudgment interest in actions brought under § 547." In re Pameco Corporation, 356 B.R. 327, 342 (Bankr. S.D.N.Y. 2006); see In re Cyberrebate.com, Inc., 296 B.R. 639, 645 (Bankr. E.D.N.Y. 2003). Pursuant to § 550(a) of the Bankruptcy Code, the Plaintiff is entitled to recover interest from the date a preferential transfer is made.[3]    The policy behind section 550 is to restore the estate to the full value of the asset transferred to the preferred creditor, thereby compensating the estate for the loss of the time value of the asset. In re L&T Steel Fabricators, Inc., 102 B.R. 511, 521 (Bankr. N.D.La. 1989). Section 550 provides that a plaintiff can recover a preferential transfer or its value. Value includes prejudgment interest from the date of the Complaint. Id.

By awarding pre-judgment interest from the date of the Complaint, both the estate and the transferee are restored to the economic position each was in prior to the preferential transfer; thus, the *status quo ante* is achieved. Pre-judgment interest is not a penalty but, rather, is viewed as a "'delay[ed] damages' . . . awarded as a component of full compensation" to the prevailing party. General Motors Corp. v. Devez Corp., 461 U.S. 648, 654 n.10 (1983); see also West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987).

Accordingly, we respectfully request an award of pre-judgment interest in an amount to be determined by the Court.

---

[3]        11 U.S.C. § 550(a) states, in relevant part, that:

> to the extent that a transfer is avoided under section. . . 547. . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from– (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made. . . .

## **CONCLUSION**

Based on the undisputed facts, there is no material question of fact precluding the granting of summary judgment in favor of the Plaintiff on his claim for avoidance of the Transfers and recovery from the Defendant of the amount of $28,541.31, representing Defendant's net preference exposure, together with pre-judgment interest thereon.

Dated:  New York, New York
August 3, 2016

The Law Offices of
ROBERT L. GELTZER
Counsel to the Trustee
ROBERT L. GELTZER, Trustee of
ContinuityX, Inc., et al.
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100

By: /s/ Robert L. Geltzer
    Robert L. Geltzer
    A Member of the Firm