The Law Offices of Robert L. Geltzer
1556 Third Avenue
New York, New York 10128
(212) 410-0100
Robert L. Geltzer
Mark E. Bruh
*Counsel to Robert L. Geltzer,*
*Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| In re: | **Chapter 7** |
| **CONTINUITYX, INC.,** *et al.,* | **Case No. 13-10458 (MKV)** |
| Debtors[1]. | **Jointly Administered** |
| **ROBERT L. GELTZER**, as Chapter 7 Trustee for **CONTINUITYX, INC.,** *et al.*, | |
| Plaintiff, | |
| v. | **Adv. Pro. No. 15-01015 (MKV)** |
| **ROBERT FLECK**, | |
| Defendant. | |

-------------------------------------------------------------

**AFFIDAVIT OF ROBERT L. GELTZER, CHAPTER 7 TRUSTEE, IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK       )

I, Robert L. Geltzer, hereby depose and state as follows:

1. I am the Chapter 7 trustee (the "Trustee" or "Plaintiff") for the estate of ContinuityX, Inc. et al., the debtors (the "Debtors")[2] and Plaintiff in the above-captioned adversary proceeding.

2. I submit this affidavit in support of my motion for summary judgment

---

[1] The Debtors in these cases and the case number assigned to each of the Debtors are as follows: ContinuityX, Inc. (13-10458); ContinuityX Solutions, Inc. (13-10455); and Metamora Cloud Services, Inc. (13-10459).

[2] The Defendant performed consulting services for ContinuityX, Inc. and ContinuityX Solutions. For purposes herein, the term "Debtors" refers to ContinuityX, Inc. and ContinuityX Solutions, Inc., or all three debtors.

with respect to my claims against defendant, Robert Fleck (the "Defendant").

3. The following facts are within my knowledge as Trustee and based upon my review of the Debtors' books and records and my Court-appointed accountants review, analysis, interpretation, and advice with respect thereto.

4. As set forth below and more fully in the accompanying Memorandum of Law and the Local Bankruptcy Rule 7056-1 Statement, the Trustee is entitled to summary judgment that: (1) determines that the Transfers (defined below) to the Defendant were preferential as a matter of law; (2) avoids the Transfers to the Defendant; and (3) directs that such transfers be set aside and be recovered, or that the value be recovered, from the Defendant for the benefit the Debtors' estate.

**Voluntary Petitions and Appointment of Trustee**

5. On February 14, 2013 (the "Petition Date"), ContinuityX, Inc. ("Continuity"), ContinuityX Solutions, Inc. ("Solutions"), and Metamora Cloud Services, Inc. ("Metamora") filed voluntary petitions for relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). Solutions was the parent corporation of Continuity and Metamora.

6. On May 3, 2013, this Court issued an Order granting a motion for the joint administration of Continuity, Solutions and Metamora.

7. On or about February 14, 2013, I was appointed interim trustee of the Debtors, and pursuant to Court Order, dated June 28, 2013, was designated permanent Trustee of the Debtors, and continue to operate as such.

**Background of Debtors' Business and the Debtors' Bankruptcy Filing**

8. A significant part of the Debtors' businesses was to sell services provided by telecommunication companies, such as AT&T, XO Communications, Inc., etc. (the "Telecommunication Companies") to end users and, as a result of such sales, earn commissions in connection therewith.

-2-

9. My review of the Debtors' books and records shows that the Debtors found "straw buyers" for various services provided by the Telecommunications Companies. Debtors then offered the "straw buyers" and/or other intermediary companies a portion of the commissions that were received by the Debtors from such Telecommunications Companies. The Debtors would have the "straw buyers," sign thousands, sometimes millions, of dollars of contracts for services from the Telecommunications Companies which the "straw buyers" never intended, nor had the ability, to pay, but, nevertheless, the Debtors' illegally collected commissions on such contracts from the Telecommunication Companies, and transferred a portion of such commissions to certain third parties.

10. At all times relevant hereto, David Godwin was the Chief Executive Officer and a member of the Boards of Directors of the Debtors.

11. On February 6, 2013, the Board of Directors of the Debtor Solutions removed David Godwin for cause from his position as a director of Solutions.

12. The vote to remove Mr. Godwin was based upon a determination that Godwin had committed various acts of malfeasance in connection with the business operations of the Debtors, including the alleged forgery of numerous purported purchase orders from customers, and the alleged fabrications of Debtors' invoices for such fictitious orders.

13. Based upon information and belief, as a result of the foregoing, Continuity, Solutions and Metamora filed petitions for relief under Chapter 7 on February 14, 2013.

### The Adversary Proceeding

14. The above-captioned adversary proceeding (the "Adversary Proceeding") was commenced on January 29, 2015 by the filing of a Summons, and serving it and the complaint (the "Complaint"), dated January 28, 2015, on the Defendant on or about February 2, 2015. A copy of the Complaint is annexed hereto as Exhibit "A."

15. The Complaint was filed by me to avoid preferential transfers pursuant to

11 U.S.C. §§ 547 and 550(a), and to disallow claims pursuant to 11 U.S.C. § 502(d). On March 11, 2015, the Defendant filed his Answer to the Complaint; a copy of which is annexed hereto as Exhibit "B."

16. According to the Complaint, within the 90-day period (the "Preference Period") preceding the Petition Date, the Debtors made eight preferential transfers totaling $42,481.31 (the "Transfers") to the Defendant as set forth below:

| **Approximate Date of Transfer** | **Check Number(s)** | **Approximate Amount of Transfer** |
|---|---|---|
| 11/19/2012 | 1689 | $6,822.18 |
| 11/19/2012 | 1688 | $6,723.69 |
| 12/21/2012 | 1760 | $319.68 |
| 12/21/2012 | 1761 | $423.21 |
| 12/21/2012 | 1762 | $304.23 |
| 1/22/2013 | 1802 | $6,008.32 |
| 1/22/2013 | 1801 | $4,880.00 |
| 2/12/2013 | Wire Transfer | $17,000.00 |

17. The Transfers were made by 7 check transfers made payable to the Defendant, and a wire transfer made payable to the Defendant, from the Debtors' bank accounts; copies of the Debtors' cancelled checks and bank statement are annexed hereto as Exhibit "C." Furthermore, according to the Defendant's Answer, he does not deny receiving the Transfers (see Exhibit "B" (Defendant's Answer to the Complaint)). Thus, the Defendant's receipt of the Transfers is not in dispute.

18. At all times that the Transfers were made, the Defendant was a creditor of the Debtors, as evidenced by the Defendant's invoices; copies of which are annexed hereto as Exhibit "D."

19. The Transfers were payments on antecedent debts, as the payments were made pursuant to an obligation of the Debtors to pay the Defendant in connection with various consulting services performed by the Defendant that arose prior to the payments to him.

A list of the dates on which the Defendant invoiced the Debtors and the Debtors remitted payments to the Defendant is annexed hereto as Exhibit "E."

20. The Transfers were made during the Preference Period. See Exhibit "C."

21. Given the fact that, as of August 3, 2016: (a) there is only $1,096,100.11 on deposit in the Debtors' estates' bank accounts; and (b) there are claims filed against the Debtors' estate in the total sum of approximately $30,742,073.05[3] (see Court's Claim Register); and (c) any potential recoveries in connection with pending litigation will not exceed the total dollar amount of filed claims, distributions to general unsecured creditors, of which the Defendant is one, will be less than 100%.

22. I have reviewed the Defendant's Answer and his purported defenses in this matter, and my analysis of same, together with documents contradicting the Defendant's purported defenses alleged in the Answer, are contained within Exhibits "F" through "K" annexed hereto.

23. The following documents annexed hereto are true and accurate copies of the originals as they were contained in the Debtors' books and records, the Trustee's litigation file, publicly available documents, or documents produced by the Defendant:

> **Exhibit A:** Complaint
> **Exhibit B:** Defendant's Answer to the Complaint
> **Exhibit C:** Debtors' cancelled checks and bank statement
> **Exhibit D:** Defendant's Invoices
> **Exhibit E:** Antecedent Debt Analysis
> **Exhibit F:** AT&T's proof of claim (Claim No. 24)
> **Exhibit G:** Debtors' Form 8-K, filed on December 12, 2012
> **Exhibit H:** Debtors' W-2 Employee Payroll Worksheet for the period February 29, 2012 through December 28, 2012

---

[3]This sum does not include outstanding Chapter 7 administrative expenses.

**Exhibit I:** Debtors' Employee Payroll Cash Analysis for the period January 14, 2013 through February 15, 2013

**Exhibit J:** Defendant's tax returns for the years ending 2012 and 2013

**Exhibit K:** Plaintiff's New Value Analysis

/s/ Robert L. Geltzer
ROBERT L. Geltzer
Chapter 7 Trustee of
ContinuityX, Inc. et al.
1556 Third Avenue, Suite 505
New York, New York  10128
(212) 410-0100

Subscribed and sworn to before
me this 3rd day of August, 2016.

/s/ Mark E. Bruh
MARK E. BRUH
Notary Public, State of New York
No. 02BR6088274
Qualified in Queens County
Commission Expires March 3, 2019